**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Victoria Kaufman, Presiding
Courtroom 301 Calendar

---

**Wednesday, January 17, 2024**                                                          **Hearing Room      301**

---

<u>1:30 PM</u>
**1:22-10981   Jeffrey A Harman**                                                               **Chapter 7**
Adv#: 1:22-01060      Zhang v. Harman

> **#7.00**     Motion For Summary Judgment or, Alternatively, Partial Summary Judgment
>
>                        Docket      26

**Judge:**

The Court will deny the motion.

### I.   BACKGROUND

#### A.   Prepetition Events

Prepetition, on August 14, 2018, Huan Zhang ("Plaintiff") filed complaint against
Jeffrey A. Harman ("Defendant") and APC Tech LLC ("APC") in Los Angeles
Superior Court (the "State Court Complaint"), initiating state court case no.
BC717682 (the "State Court Action"). Exh. 2 to the Declaration of Anthony R.
Bisconti (the "Bisconti Declaration") [doc. 26]. In the State Court Complaint, Plaintiff
contended that Defendant was a managing member of APC. *Id.*, ¶ 17. In addition,
Plaintiff asserted claims for: (1) breach of contract; (2) fraud and fraudulent
inducement; (3) undue influence; (4) violation of California Penal Code § 496; (5)
breach of fiduciary duty; (6) intentional infliction of emotional distress; (7) negligent
infliction of emotional distress; (8) declaratory relief; and (9) an accounting. Exh. 2 to
the Bisconti Declaration. Defendant filed an answer to the State Court Complaint.
Exh. 3 to the Bisconti Declaration.

From January 31, 2022 through February 3, 2022, the state court conducted a bench
trial. Exh. 9 to the Bisconti Declaration, p. 1. At the trial, witnesses were sworn and
testified, and evidence was presented on the claims asserted in the State Court
Complaint. *Id.* In addition, the state court requested a post-trial submission of
authorities from the parties. *Id.*

On February 23, 2022, the state court issued a minute order ruling in Plaintiff's favor
(the "February Order"). Exh. 8 to the Bisconti Declaration. In the February Order, the
state court held—

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Wednesday, January 17, 2024**                                              **Hearing Room    301**

<u>1:30 PM</u>
**CONT...        Jeffrey A Harman**                                                          **Chapter 7**

> The Court, having taken the matter under submission on 02/03/2022 for Non-Jury Trial/Short-Cause, now rules as follows: The Court adjudges and decrees that Plaintiff Huan Zhang, is to received [sic] from Defendant Jeff Harman and APC TECH, LLC jointly and severally, the sum of $210,364 principal plus $99,922.71 in prejudgment interest (10% per year for 4 years 9 months) plus costs according to law.
> Certificate of Mailing is attached.

*Id.*, p. 1. On May 9, 2022, the state court entered judgment in favor of Plaintiff (the "State Court Judgment"). Exh. 9 to the Bisconti Declaration. The State Court Judgment largely echoed the February Order and stated—

> This action came on for a bench trial on January 31, 2022, and continued through February 3, 2022, in Dept. 12 of the Los Angeles Superior Court, Central District, Stanley Mosk Courthouse, Hon. Barbara Meiers presiding. Plaintiff HUAN ZHANG appeared and was represented by Jay T. Ramsey of Sheppard, Mullin, Richter & Hampton LLP. Defendant JEFF HARMAN appeared and represented himself. Defendant APC TECH LLC did not appear with counsel and could not act pro se.
>
> Witnesses were sworn and testified and evidence was presented on the claims asserted in Plaintiff's complaint. After hearing the evidence and argument from counsel, the Court requested a Post-Trial Submission of Authorities from the parties. After that submission, the Court issued its Ruling dated February 23, 2022 in favor of Plaintiff.
>
> In accordance with that Ruling, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff Huan Zhang is to receive from Defendant Jeff Harman and APC TECH, LLC jointly and severally, the sum of $210,364 principal plus $99,922.71 in prejudgment interest (10% per year for 4 years 9 months), plus costs in the amount of $_____, including attorney's fees as may be permitted by law.

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Wednesday, January 17, 2024**                                              **Hearing Room     301**

1:30 PM
**CONT...     Jeffrey A Harman**                                                          **Chapter 7**

*Id.*, pp. 1-2. On August 5, 2022, in connection with Plaintiff's motion for attorney fees, the state court entered an order (the "August Order") which stated—

> Plaintiff's Motion for Attorney Fees is denied. Although the cross-complaint does refer to a breach of the Motion Picture Contract by plaintiff/cross-defendant as having simultaneously been an automatic breach of the Operating Agreement, the cross-complaint also refers to the two contracts as being exactly that, two contracts, not one. Indeed, the second cause of action is only for the breach of the Motion Picture Contract, while the first relies on a theory that breach of the second would itself indirectly result in a breach of the first, the Operating Agreement. Plaintiff/cross-defendant in her complaint has only one breach of contract claim, to wit, a breach of the Operating Agreement, but she did not prevail as to that. Therefore, court did not order a refund of any money paid pursuant to that agreement. Instead, plaintiff's recovery was only as to money paid under the Motion Picture Contract, which is money she sought to recover based only on various tort theories. She did not prevail on any contract claim based on the Operating Agreement, nor did Harman. Plaintiff's Motion for Attorney Fees is denied.

> Clerk to give notice.

> Certificate of Mailing is attached.

Exh. 10 to the Bisconti Declaration, p. 1.

#### B.  *The Bankruptcy Case and the Adversary Proceeding*

On August 23, 2022, Defendant filed a chapter 7 petition, initiating case no. 1:22-bk-110981-VK. On November 28, 2022, Plaintiff filed a complaint against Defendant (the "Complaint") [doc. 1], requesting nondischargeability of the debt owed to her under 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6). **[FN 1]**

#### 1.  *The Motion*

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

Wednesday, January 17, 2024                                              Hearing Room      301

1:30 PM
CONT...        Jeffrey A Harman                                                      Chapter 7

On December 4, 2023, Plaintiff filed the *Motion for Summary Judgment, or, Alternatively, Summary Adjudication* (the "Motion") [doc. 26]. Through the Motion, Plaintiff asserts that the State Court Judgment precludes relitigation of Plaintiff's claims under § 523(a)(2)(A) and (a)(6). To the Motion, Plaintiff attached, among other things, a proposed statement of uncontroverted facts and conclusions of law (the "Proposed Statement of Facts and Conclusions of Law") [doc. 26]. [**FN 2**]

On December 27, 2023, Defendant filed an opposition to the Motion (the "Opposition") [doc. 30], to which Plaintiff filed a reply [doc. 33]. Through the Opposition, Defendant contends that the State Court Judgment provides no preclusive effect with respect to the parties to this adversary proceeding and the claims alleged in the Complaint. According to Defendant, the State Court Judgment contains no findings of fact or conclusions of law, and nothing in the State Court Judgement or the August Order establishes the elements required for a claim under sections 523(a)(2)(A) or (a)(6). In addition, Defendant filed objections to the Proposed Statement of Facts and Conclusions of Law [doc. 31]; Plaintiff responded [doc. 34].

## II.  LEGAL STANDARDS

### A.  General Motion for Summary Judgment Standard

Pursuant to 56, the Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Rule 56; Fed. R. Bankr. P. 7056; *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48 (emphasis in original).

> As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Wednesday, January 17, 2024**                                          **Hearing Room   301**

<u>1:30 PM</u>
**CONT...        Jeffrey A Harman**                                                      **Chapter 7**
> will not be counted . . . . [S]ummary judgment will not lie if the dispute
> about a material fact is "genuine," that is, if the evidence is such that a
> reasonable jury could return a verdict for the nonmoving party . . . .

*Id.* at 248–50. Additionally, issues of law are appropriate to be decided in a motion for summary judgment. *See Camacho v. Du Sung Corp.*, 121 F.3d 1315, 1317 (9th Cir. 1997).

The initial burden is on the moving party to show that no genuine issues of material fact exist based on "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party meets its initial burden, the nonmoving party bearing "the burden of proof at trial on a dispositive issue" must identify facts beyond what is contained in the pleadings that show genuine issues of fact remain. *Id.* at 324; *see also Anderson*, 477 U.S. at 256 ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.").

The nonmoving party meets this burden through the presentation of "evidentiary materials" listed in Rule 56, such as depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, and interrogatory answers. *Celotex Corp.*, 477 U.S. at 224. To establish a genuine issue, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient."). Rather, the nonmoving party must provide "evidence of such a caliber that 'a fair–minded jury could return a verdict for the [nonmoving party] on the evidence presented.'" *United States v. Wilson*, 881 F.2d 596, 601 (9th Cir. 1989) (quoting *Anderson*, 477 U.S. at 266).

> **B.  *Summary Judgment Based on Issue Preclusion***

The Supreme Court has recognized that the doctrine of collateral estoppel applies in dischargeability proceedings. *See Grogan v. Garner*, 498 U.S. 279, 284–85, 111 S.Ct.

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Wednesday, January 17, 2024**                                      **Hearing Room    301**

1:30 PM
**CONT...        Jeffrey A Harman**                                                    **Chapter 7**

654, 112 L.Ed.2d 755 (1991). Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of that issue if the party had "a full and fair opportunity to litigate that issue in the earlier case." *See Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). "A bankruptcy court may rely on the issue preclusive effect of an existing state court judgment . . . . In so doing, the bankruptcy court must apply the forum state's law of issue preclusion." *In re Plyam*, 530 B.R. 456, 462 (9th Cir. BAP 2015); *see also* 28 U.S.C. § 1738 (federal courts must give "full faith and credit" to state court judgments). The requirements for issue preclusion in California are:

(1) the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding;
(2) the issue to be precluded must have been actually litigated in the former proceeding;
(3) the issue to be precluded must have been necessarily decided in the former proceeding;
(4) the decision in the former proceeding musts be final and on the merits;
(5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding; and
(6) application of issue preclusion must be consistent with the public policies of preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation.

*White v. City of Pasadena*, 671 F.3d. 918, 927 (9th Cir. 2012) (citing *Lucido v. Superior Court*, 51 Cal.3d 335, 341-43 (1990). "The burden is on the party seeking to rely upon issue preclusion to prove each of the elements have been met." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050–51 (9th Cir. 2008). "This means providing 'a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action.'" *Plyam*, 530 B.R. at 462 (quoting *In re Kelly*, 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff'd*, 100 F.3d 110 (9th Cir. 1996)). "Any reasonable doubt as to what was decided by a prior judgment should be resolved against allowing the [issue preclusive] effect." *Kelly*, 182 B.R. at 258.

"The bar is asserted against a party who had a full and fair opportunity to litigate the

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, January 17, 2024**                                     **Hearing Room    301**

<u>1:30 PM</u>
**CONT...      Jeffrey A Harman**                                                    **Chapter 7**

issue in the first case but lost." *DKN Holdings LLC v. Faerber*, 61 Cal.4th 813, 826–27 (2015). "The point is that, once an issue has been finally decided against such a party, that party should not be allowed to relitigate the same issue in a new lawsuit." *Id*. "Issue preclusion operates 'as a shield against one who was a party to the prior action to prevent' that party from relitigating an issue already settled in the previous case." *Id*. (quoting *Rice v. Crow*, 81 Cal.App.4th 725, 735 (2000).

### 1.   Issues Identical to Those Decided in Former Proceeding

### a.   11 U.S.C. § 523(a)(2)(A)

Pursuant to 11 U.S.C. § 523(a)(2)(A), a bankruptcy discharge does not discharge an individual debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." To prevail on a § 523(a)(2)(A) claim, a plaintiff must demonstrate the following five elements:

> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor;
> (2) knowledge of the falsity or deceptiveness of his statement or conduct;
> (3) an intent to deceive;
> (4) justifiable reliance by the creditor on the debtor's statement or conduct; and
> (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*In re Weinberg*, 410 B.R. 19, 35 (9th Cir. BAP 2009) (citing *In re Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000)). The plaintiff bears the burden of proof to establish each of these elements by a preponderance of the evidence. *In re Deitz*, 760 F.3d 1038, 1050 (9th Cir. 2014).

With respect to § 523(a)(2)(A), "Ninth Circuit case law confirms that the elements of fraud under California law match the ones under § 523(a)(2)(A)." *In re Davis*, 486 B.R. 182, 191 (Bankr. N.D. Cal. 2013) (citing *In re Younie*, 211 B.R. 367, 373–74

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Wednesday, January 17, 2024**                                                        **Hearing Room     301**

<u>1:30 PM</u>
**CONT...      Jeffrey A Harman**                                                                **Chapter 7**

(9th Cir. BAP 1997). The same elements apply to fraud in the inducement. *Parino v. BidRack, Inc.*, 838 F.Supp.2d 900, 906 (N.D. Cal. 2011) (applying California law on fraud in the inducement); *see also In re Nga Tuy Pham*, 2009 WL 3367046, *1 (Bankr. N.D. Cal. 2009) ("A debt is excepted from discharge if it results from fraud in the inducement. 11 U.S.C. § 523(a) (2).").

Defendant disputes that the issues in this adversary proceeding are identical to those decided in the State Court Action. Plaintiff contends that her cause of action under section 523(a)(2)(A) is identical to the fraud cause of action in the State Court Complaint. Plaintiff further asserts that the "various tort theories" which supported her recovery in the State Court Action concerned Defendant's fraudulent conduct. According to Plaintiff, because the state court awarded recovery to her based on those theories, this element of issue preclusion is satisfied as to her claim under section 523(a)(2)(A).

Although Plaintiff's claim for fraud in the State Court Complaint presents identical elements to Plaintiff's claim under section 523(a)(2)(A), Plaintiff has not met her burden of showing the state court decided any of those elements in the State Court Action.

In the February Order and the State Court Judgement, the state court held that Defendant was liable to Plaintiff in the amount of "of $210,364 principal plus $99,922.71 in prejudgment interest (10% per year for 4 years 9 months), plus costs[.]" Exhs. 8-9 to the Bisconti Declaration. However, the state court did not reference any of Plaintiff's state court claims in the February Order or the State Court Judgement. *Id*. Moreover, the state court did not reference fraud, or any elements of fraud, in the February Order or the State Court Judgement. *Id*.

In addition, although the state court later asserted, in the August Order, that Plaintiff "did not prevail on any contract claim" and that her "recovery was only as to money…which…she sought to recover based only on various tort theories[,]" the state court did not specify upon which of Plaintiff's remaining claims Plaintiff's recovery was based. Exh. 10 to the Bisconti Declaration. Moreover, the state court did not discuss the elements of any of Plaintiff's remaining claims in the February Order, the State Court Judgment or the August Order. Exhs. 8-10 to the Bisconti Declaration.

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Victoria Kaufman, Presiding
Courtroom 301 Calendar

---

**Wednesday, January 17, 2024**                                              **Hearing Room**        **301**

1:30 PM
CONT...        Jeffrey A Harman                                                                Chapter 7
        **b.  *11 U.S.C. § 523(a)(6)***

11 U.S.C. § 523(a)(6) states that a discharge under 11 U.S.C. § 727 does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

        ***i.   Willfulness***

Demonstrating willfulness requires a showing that defendant intended to cause the injury, *not* merely the acts leading to the injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62, 118 S.Ct. 974, 140 L.Ed. 2d 90 (1998). In the Ninth Circuit, "§ 523(a)(6)'s willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *In re Ormsby*, 591 F.3d 1199, 1206 (9th Cir. 2010); *see also In re Su*, 290 F.3d 1140, 1146 (9th Cir. 2002) ("[t]he subjective standard correctly focuses on the debtor's state of mind and precludes application of § 523(a)(6)'s nondischargeability provision short of the debtor's actual knowledge that harm to the creditor was substantially certain."); *In re Jercich*, 238 F.3d 1202, 1208 (9th Cir. 2001) ("the willful injury requirement of § 523(a)(6) is met when it is shown either that debtor had *subjective* motive to inflict injury or that the debtor believed that injury was substantially certain to occur as a result of his conduct") (emphasis in original).

In *Kawaauhu*, 523 U.S. at 61, the Supreme Court of the United States (the "Supreme Court") "confront[ed] th[e] pivotal question concerning the scope of the 'willful and malicious injury' exception: Does § 523(a)(6)'s compass cover acts, done intentionally, that cause injury,…or only acts done with the actual intent to cause injury…?" In considering this, the Supreme Court noted:

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, i.e., "reckless" or "negligent," to modify "injury." Moreover, as the Eighth

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Wednesday, January 17, 2024**                                                    **Hearing Room    301**

<u>1:30 PM</u>
**CONT...**        **Jeffrey A Harman**                                              **Chapter 7**

Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences* of an act," not simply "the act itself."

*Id*. at 57 (emphasis in original). The Supreme Court then suggested:

The [creditors'] more encompassing interpretation could place within the excepted category a wide range of situations in which an act is intentional, but injury is unintended, i.e., neither desired nor in fact anticipated by the debtor. Every traffic accident stemming from an initial intentional act—for example, intentionally rotating the wheel of an automobile to make a left–hand turn without first checking oncoming traffic—could fit the description.

*Id*. at 62 (emphasis in original). Partially because "[a] construction so broad would be incompatible with the 'well-known' guide that exceptions to discharge 'should be confined to those plainly expressed[,]'" the Supreme Court held that "debts arising from recklessly or negligently inflicted injuries [did] not fall within the compass of § 523(a)(6)." *Id*. at 62-63.

### ii.  *Maliciousness*

Under § 523(a)(6), the injury must also be the result of maliciousness. *Su*, 290 F.3d at 1146. Maliciousness requires (1) a wrongful act; (2) done intentionally; (3) which necessarily causes injury; (4) without just cause or excuse. *Id*. at 1147. Maliciousness does not require "personal hatred, spite, or ill-will." *In re Bammer*, 131 F.3d 788, 791 (9th Cir. 1997).

Section 523(a)(6) generally applies to torts rather than to contracts. An intentional breach of contract generally will not give rise to a nondischargeable debt, unless it is accompanied by tortious conduct which results in willful and malicious injury. *Jercich*, at 1205; *Lockerby v. Sierra*, 555 F.3d 1038, 1040 (9th Cir. 2008) ("an intentional breach of contract cannot give rise to nondischargeability under § 523(a)(6) unless it is accompanied by conduct that constitutes a tort under state law").

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Wednesday, January 17, 2024**                                    **Hearing Room    301**

<u>1:30 PM</u>
**CONT...        Jeffrey A Harman**                                              **Chapter 7**

Plaintiff represents that, because each of the tort causes of action in the State Court
Complaint alleged that Defendant intentionally deceived Plaintiff, this element of
issue preclusion is satisfied. However, Plaintiff has not met her burden of showing
that the state court decided that Defendant's conduct was willful and malicious, as
required to establish her claim under section 523(a)(6).

As discussed above, the state court did not make any factual findings in the February
Order, the State Court Judgment or the August Order. Exhs. 8-10 to the Bisconti
Declaration. On this record, the Court cannot determine which of Plaintiff's various
tort theories were the basis of the State Court Judgment. Moreover, the elements of
Plaintiff's remaining causes of action in the State Court Complaint do not mirror the
elements of a claim under section 523(a)(6).

### c.  *Undue Influence*

"Undue influence...is a shorthand legal phrase used to describe persuasion which tends
to be coercive in nature, persuasion which overcomes the will without convincing the
judgment." *Odorizzi v. Bloomfield School Dist.*, 246 Cal.App.2d 123, 130 (1966).

By statute, undue influence results from three scenarios:

(1) In the use, by one in whom a confidence is reposed by another, or
who holds a real or apparent authority over him, of such confidence or
authority for the purpose of obtaining an unfair advantage over him;
(2) In taking an unfair advantage of another's weakness of mind; or
(3) In taking a grossly oppressive and unfair advantage of another's
necessities or distress.

*Martinez-Gonzalez v. Elkhorn Packing Co. LLC*, 25 F.4th 613, 625 (9th Cir. 2022)
(citing Cal. Civ. Code § 1575). "Essentially, undue influence involves 'the use of
excessive pressure to persuade one vulnerable to such pressure.'" *Id*. (quoting
*Odorizzi*, 246 Cal.App.2d at 131). "The doctrine consists of two elements: (1) 'undue
susceptibility in the servient person' and (2) 'excessive pressure by the dominating
person.'" *Id*.

Undue influence does not require a subjective motive to inflict injury on the servient

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Wednesday, January 17, 2024**                                   **Hearing Room        301**

---

<u>1:30 PM</u>
**CONT...        Jeffrey A Harman**                                                    **Chapter 7**

person, or a subjective belief that injury is substantially certain to result from the dominating person's conduct. Moreover, undue influence does not address whether conduct necessarily causes injury without just cause or excuse. Consequently, if the State Court Judgment was based on Plaintiff's claim for undue influence, it would not establish that Defendant's conduct was willful and malicious.

#### d.  *Violation of California Penal Code § 496*

Section 496(a) of the California Penal Code states that—

> Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished [as specified in the statute].

Cal. Penal Code § 496(a). "The elements of receiving stolen property under section 496(a) are (1) stolen property; (2) knowledge that the property was stolen; and (3) possession of the stolen property." *People v. Coca*, 314 Cal.Rptr.3d 436, 443 (2023).

Similar to undue influence, the elements of receiving stolen property under Cal. Penal Code § 496(a) do not include a subjective motive to inflict injury or a subjective belief that injury is substantially certain to result. As a result, even if the State Court Judgment were based on Plaintiff's claim under Cal. Penal Code § 496(a), it would not show that Defendant's conduct was willful and malicious.

#### e.  *Breach of Fiduciary Duty*

"In California, the elements for a breach of fiduciary duty are the existence of a fiduciary relationship, breach of that fiduciary duty, and damages." *Plyam*, 530 B.R. at 470–71 (citing *Oasis W. Realty, LLC v. Goldman*, 51 Cal.4th 811, 820 (2011)). "There is no particular scienter requirement, let alone a requirement of a subjective intent to injure." *Id.* "As a result, without more, a judgment for breach of fiduciary duty under California law cannot support a willfulness determination under § 523(a)(6)." *Id.*

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Wednesday, January 17, 2024**                                             **Hearing Room      301**

1:30 PM
**CONT...       Jeffrey A Harman**                                                                **Chapter 7**

Unlike a claim under section 523(a)(6), a breach of fiduciary duty does not require subjective intent to injure under California law. *See Plyam*, 530 B.R. at 470–71; *Kawaauhau*, 523 U.S. at 63. Consequently, if the State Court Judgment was based on Plaintiff's claim for breach of fiduciary duty, it would not establish that Defendant's conduct was willful and malicious.

### f.   *Negligent Infliction of Emotional Distress*

"A cause of action for negligent infliction of emotional distress requires that a plaintiff show (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant *who should have foreseen* that the conduct would cause such distress." *Austin*, 367 F.3d at 1172. Consequently, holding that a defendant was responsible for negligent infliction of emotional distress could be based upon finding that a defendant *should* have foreseen that his conduct would cause distress, rather than finding that the defendant intended to cause distress or that the defendant knew his conduct was substantially certain to cause injury. Therefore, the elements of negligent infliction of emotional distress under California law do not mirror the requirements for excepting a debt from discharge under section 523(a)(6). As such, if the State Court Judgment were based on Plaintiff's claim for negligent infliction of emotional distress, it would not show that Defendant's conduct was willful and malicious.

The state court's reference to various tort theories in the August Order does not sufficiently establish facts to satisfy the requirements of section 523(a)(6). Thus, to the extent that the state court based Defendant's liability on Plaintiff's claims for undue influence, violation of Cal. Penal Code § 496, breach of fiduciary duty or negligent infliction of emotional distress, Plaintiff has not established that the state court determined that Defendant acted with the willfulness and maliciousness that is necessary to establish a claim under section 523(a)(6). Consequently, the first element of issue preclusion is not satisfied.

### 2.   *Issues Actually Litigated*

Under California law, an issue is "actually litigated" when it is "properly raised by a party's pleadings or otherwise, when it is submitted to the court for determination, *and when the court actually determines the issue*." *Harmon*, 250 F.3d at 1247

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Wednesday, January 17, 2024**                                                                 **Hearing Room      301**

<u>1:30 PM</u>
**CONT...        Jeffrey A Harman**                                                                           **Chapter 7**

(emphasis added). In the alternative, "if an issue was necessarily decided in a prior proceeding, it was actually litigated." *Id.* at 1248.

Defendant disputes that the issues in this adversary proceeding were actually litigated in the State Court Action. As noted in the State Court Judgment, the parties to this adversary proceeding appeared at the state court trial, where the Plaintiff presented oral and written documentary evidence in support of her claims in the State Court Complaint. Exh. 9 to the Bisconti Declaration. After evaluating the evidence at the trial and a post-trial submission of authorities, the state court rendered a final decision and executed the State Court Judgment in Plaintiff's favor. *Id.* However, as discussed above, Plaintiff has not established that the state court actually determined the issues of fraud, willfulness and maliciousness in the State Court Action.

Although, the state court clarified that Plaintiff did not prevail on her breach of contract claim in the August Order (*see* Exh. 10 to the Bisconti Declaration), the state court did not specify under which of Plaintiff's remaining causes of action it awarded Plaintiff's recovery. Exhs. 8-10 to the Bisconti Declaration. Rather, the state court stated that Plaintiff's recovery was "based…on various tort theories." Exh. 10 to the Bisconti Declaration. The state court did not make any findings regarding fraud, willfulness or maliciousness. *See* Exhs. 8-10 of the Bisconti Declaration. Accordingly, this element is not satisfied.

### 3.  *Issues Necessarily Decided*

"In order for the determination of an issue to be given preclusive effect, it must have been necessary to a judgment." *Creative Venture, LLC v. Jim Ward & Assocs.*, 126 Cal.Rptr.3d 564, 580 (Ct. App. 2011).  This prevents "the incidental or collateral determination of a nonessential issue from precluding reconsideration of that issue in later litigation." *Id.*

The state court could not have entered a judgment holding that Defendant was liable to Plaintiff unless it decided all of the elements of at least one of the causes of action asserted in the State Court Complaint. However, as discussed above, the state court did not, in the February Order, the State Court Judgment or the August Order, identify under which of Plaintiff's claims it determined liability. *See* Exhs. 8-10 of the Bisconti Declaration. In addition, the state court did not make any findings regarding

## United States Bankruptcy Court
### Central District of California
#### San Fernando Valley
#### Victoria Kaufman, Presiding
#### Courtroom 301 Calendar

**Wednesday, January 17, 2024**                                                    **Hearing Room         301**

<u>1:30 PM</u>
**CONT...        Jeffrey A Harman**                                                                   **Chapter 7**

fraud, willfulness and maliciousness. Because the elements of Plaintiff's claims in the Complaint are not the same as the elements of Plaintiff's claims in the State Court Complaint, it is impossible to determine which elements the state court deemed satisfied in determining Defendant's liability in the State Court Action. *Id.* Consequently, this element of issue preclusion is not satisfied.

### 4.  *Prior Decision is Final and on the Merits*

"Under California law, a judgment is not final for the purposes of collateral estoppel until it is free from the potential of a direct attack, i.e., until no further direct appeal can be taken." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Defendant does not dispute that this element is met; the State Court Judgment is final and on the merits.

### 5.  *Privity*

"[T]he party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." *Lucido*, 51 Cal.3d at 341. Although Defendant disputes that the parties here are the same or in privity with the parties in the State Court Action, the State Court Judgment was against Defendant and APC, of which Defendant is allegedly a managing member. Plaintiff was the plaintiff in the State Court Action and is also the plaintiff in this adversary proceeding. As such, this element is satisfied.

### 6.  *Consistent with the Public Policies Underlying Collateral Estoppel*

Courts will apply collateral estoppel only if application of preclusion furthers the public policies underlying the doctrine. *In re Baldwin*, 249 F.3d 912, 917 (9th Cir. 2001). The three polices underlying the doctrine of collateral estoppel include: "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *Id.* at 919–20; *see also Lucido*, 51 Cal. 3d at 343. With respect to preservation of the judicial system's integrity, courts evaluate "whether eliminating the possibility of inconsistent verdicts-which would follow from the application of collateral estoppel-would undermine or enhance the public's confidence in the judicial system." *Id.* at 920.

Because Plaintiff has not shown that the issues of fraud, willfulness and maliciousness

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Wednesday, January 17, 2024**                                    **Hearing Room    301**

<u>1:30 PM</u>
**CONT...        Jeffrey A Harman**                                                    **Chapter 7**

were previously decided in the State Court Action, litigating these issues in this adversary proceeding would not undermine the public's confidence in the judicial system or jeopardize principles of federalism under the Full Faith and Credit Act. Similarly, although "[r]elying on the state court's determination allows the bankruptcy court to conserve judicial resources[,]" there is no need to conserve judicial resources where, as here, an issue was not previously adjudicated. Lastly, it is not unfair to require Plaintiff to litigate the issues in the Complaint before this Court when she has not shown that the state court previously decided those issues. Thus, the public policies underlying the doctrine of collateral estoppel would not be furthered by the application of preclusion in this case.

### III. CONCLUSION

The Court will deny the Motion.

Defendant must submit the order within seven (7) days.

### FOOTNOTES

FN 1: Plaintiff initially asserted a claim under 11 U.S.C. § 532(a)(4). In her opposition to Plaintiff's motion to dismiss the Complaint [doc. 9], Plaintiff voluntarily dismissed that claim.

FN 2: Fed. R. Civ. P. ("Rule") 56(c) states, in relevant part—

(1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to *particular parts* of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]

Rule 56(c) (emphasis added). "[I]t is not the responsibility of the [c]ourt to

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Victoria Kaufman, Presiding
Courtroom 301 Calendar

---

**Wednesday, January 17, 2024**                                    **Hearing Room      301**

---

1:30 PM
**CONT...**        **Jeffrey A Harman**                                          **Chapter 7**

behave 'like pigs, hunting for truffles buried in briefs.'…[I]t is not the responsibility of the court to scour the record to make a party's case for it." *In re Sorci*, 315 B.R. 723, 728 (Bankr. N.D. Ill. 2004) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

> [B]ecause summary judgment is not a paper trial, the district court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. The parties, in turn, bear a concomitant burden to identify the evidence that will facilitate this assessment.

*Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

In the Proposed Statement of Facts and Conclusions of Law, Plaintiff submits the following as uncontroverted fact number 40 and refers to Exhs. 4-7 of the Bisconti Declaration in support thereof: "The trial lasted four days, at which [Defendant] appeared and represented himself." Proposed Statement of Facts and Conclusions of Law, p. 25. Exhs. 4-7 of the Bisconti Declaration are transcripts of each day of the trial in the State Court Action. Defendant does not object to this proposed uncontroverted fact, and the Court accepts it. However, to the extent that Plaintiff relies on any information in Exhs. 4-7 beyond that which is specifically identified in the Motion, the Bisconti Declaration and the Proposed Statement of Facts and Conclusions of Law, the Court has not taken into account that material.

| Party Information |
|---|

**Debtor(s):**

Jeffrey A Harman                                      Represented By
                                                      Stella A Havkin

**Defendant(s):**

Jeffrey A Harman                                      Represented By

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, January 17, 2024**                                                 **Hearing Room     301**

---

1:30 PM
**CONT...        Jeffrey A Harman**                                                              **Chapter 7**

Stella A Havkin

**Plaintiff(s):**

Huan  Zhang                                          Represented By
                                                      Anthony  Bisconti

**Trustee(s):**

Amy L Goldman (TR)                                   Pro Se